No. 12184

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

_____

EDNA MEAGHER,

Plaintiff and Respondent,

-vs-

BENEFIT TRUST LIFE INSURANCE COMPANY,
a corporation,

Defendant and Appellant.

_____

Appeal from: District Court of the Third Judicial District,
Honorable Sid G. Stewart, Judge presiding.

Counsel of Record:

For Appellant:

Knight, Dahood, Mackay and McLean, Anaconda, Montana.
David M. McLean argued, Anaconda, Montana.

For Respondent:

M. K. Daniels argued, Deer Lodge, Montana.

_____

Submitted: September 19, 1972

Decided: OCT 30 1972

Filed: OCT 30 1972

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

In an action by the beneficiary of a group health and accident policy against the insurer to collect a $5,000 death benefit, the district court of Powell County, the Hon. Sid G. Stewart, district judge, granted a directed verdict in favor of the beneficiary and entered judgment thereon. From the judgment and the district court's denial of the insurer's motion for a new trial, the insurer appeals.

Plaintiff-respondent is Edna Meagher, the beneficiary named in the policy issued by defendant-appellant, Benefit Trust Life Insurance Company. The policy provided for a death benefit in the amount of $5,000. The insured, Kenneth V. Wheeler, suffered a gunshot wound on March 18, 1969 and died on April 2, 1969.

The underlying question on appeal is whether the policy was in effect on the date of Wheeler's death. The district court held that it was, granting a directed verdict to the beneficiary at the conclusion of all the evidence at the jury trial. We agree.

Wheeler was an employee of the Milwaukee railroad from February 1968 to October 5, 1968, at which time he submitted his voluntary resignation from this employment. At all times material to this action, the railroad had a contract with Benefit to provide a group insurance policy to the railroad's employees. The monthly premium was $8.40 which the railroad deducted from the employee's pay and remitted to Benefit. The deduction covered the premium for the following month.

The policy contained the following provisions, among others, pertinent to this action:

> "The coverage on an Insured shall automatically terminate at the earliest of the following dates: (a) at the beginning of the month for which Insured fails to make, when due, any required contribution towards the payment of premium * * * (e) at the end of the month in which his employment with the Employer terminates."

The policy also contained the following conversion privilege in the event of termination of the insured's employment with the railroad:

"If employment with the Employer is terminated and the Insured takes up full time employment elsewhere, the Insured shall be entitled, subject to the Company's regular underwriting rules, to convert his insurance to an individual policy of insurance, provided written application and the first premium payment are made to the Company within thirty-one days from the date of termination of employment. * * *"

Premiums were deducted from Wheeler's pay for the months of March 1968 through October 1968, during which time he was carried on the "collected list" compiled by the railroad and furnished to Benefit. For the months of November and December 1968 and January 1969, Wheeler was carried on the "uncollected list" furnished by the railroad to Benefit. In February 1969, the railroad sent Wheeler a check representing compensation for his unused vacation time less a deduction of $16.80 for two months insurance premiums. Following Wheeler's death on April 2, 1969, Benefit sent Wheeler a notice of premium due in the amount of $8.40. On July 18, 1969, some three and one-half months after Wheeler's death, Benefit forwarded a check to the beneficiary in the amount of $25.20, covering a refund of premiums for the months of October 1968 and February and March 1969.

Prior to trial the district court denied Benefit's motion for summary judgment. Jury trial was had on July 1, 1971. At the conclusion of all the evidence, Judge Stewart granted a directed verdict to the beneficiary in the face amount of the policy. Judgment was entered thereon on July 8, 1971. Benefit moved for a new trial which was denied on August 26, 1971. Benefit now appeals from the judgment.

As heretofore indicated, the underlying issue upon appeal is whether the life insurance policy was in effect on the date of Wheeler's death. Benefit contends that the policy had terminated prior to Wheeler's death under the express policy terms heretofore quoted providing for automatic termination in the event of (1)

nonpayment of premium, or (2) termination of employment with the railroad. Specifically Benefit argues that no premiums were paid for the months of November, December, 1968 and January 1969, automatically terminating the policy; that the railroad's deduction of premiums in February 1969 from unused vacation pay did not work a reinstatement of the policy; and that under no view of the evidence was any premium paid for the month of April 1969, when Wheeler's death occurred.

Benefit further avers that in any event Wheeler terminated his employment with the railroad in October 1968, automatically terminating his policy at the end of that month and that payment for unused vacation time in February 1969 did not constitute further employment by the railroad and reinstate his policy.

We observe at the outset that Benefit's contentions are bottomed on policy provisions relating to automatic termination without notice. We need not concern ourselves with the status of the policy under these provisions prior to April 2, 1969, the date of Wheeler's death, as the status of the policy on that date is controlling.

The uncontradicted evidence at the trial establishes that subsequent to Wheeler's death a notice of premium due directed to Wheeler was received at his address in Deer Lodge. The notice of premium due was admitted in evidence at the trial and this exhibit showed a net amount due of $8.40, representing the premium for the period commencing April 11, 1969. The face of the exhibit shows symbols indicating, at least by inference, a railroad policy noncancellable to April 10, 1969. The due date for the $8.40 premium covering the period commencing April 11, 1969, as shown on the notice was April 1, 1969. This evidence constitutes an admission by the insurer that the policy was paid up and non-cancellable on April 2, 1969, the date of Wheeler's death, and the insurer is bound thereby. Accordingly, the directed verdict

for plaintiff beneficiary in the face amount of the death
benefit contained in the policy is correct.

The judgment of the district court is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.

- 5 -